## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NATALIE MCDONALD, *individually, and on behalf of others similarly situated*, | |
| Plaintiffs, | Civil Action File No.: |
| v. | _____ |
| FLEX HEALTHCARE, LLC, KYLE SURRATT, and ANGELA JENKINS, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Natalie McDonald ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendant FLEX Healthcare, LLC ("FLEX"), Kyle Surratt ("Surratt") and Angela Jenkins ("Jenkins") and alleges as follows:

### NATURE OF THE ACTION

1.      This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2.      In this collective action, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to pay Named Plaintiff and other similarly

situated employees for all hours worked over 40 per workweek at 1.5 times their regular hourly rates.

3.      The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all office administration and compliance employees whom Defendants classified as exempt employees and who were not paid 1.5 times their regular rate of pay for all hours worked over 40 per workweek at all Defendant FLEX's locations at any time within three years preceding the filing of this Complaint (Named Plaintiff, the opt-in Plaintiffs who file consent forms with this Complaint, and the potential class members are referred to collectively as "Plaintiffs").

## JURISDICTION AND VENUE

4.      Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

5.      Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

## PARTIES

6.      Defendant FLEX is a Georgia Limited Liability Company with its principal office addresses located at 5655 New Northside Drive, Suite 200, Atlanta,

Georgia 30328 and 830 High Street, Macon, Georgia 31201.

7.     FLEX may be served with process through its registered agent, CSC of Cobb County, Inc., 192 Anderson Street NE, Suite 125, Marietta, GA, 30060.

8.     Defendant Surratt is the Vice President of Financial Planning and Analysis of FLEX.

9.     Surratt is an individual and may be served where he can be found.

10.    Defendant Jenkins is the Senior Director of Operations for FLEX.

11.    Jenkins is an individual and may be served where she can be found.

12.    Named Plaintiff worked for Defendants within the three years preceding the filing of this action.

13.    Named Plaintiff consents to join this action pursuant to 29 U.S.C. § 216(b). (*See* Exhibit 1.)

14.    Other individuals, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

15.    For example, Opt-in Plaintiffs Jessica Wellborn and Keyon West have consented to join this collective action. (*See* Exhibits 2-3).

## FLEX IS COVERED BY THE FLSA

16.    Defendant FLEX is an enterprise engaged in commerce or the production of goods for commerce.

17.   FLEX employs two or more individuals who engage in commerce or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

18.   FLEX employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

19.   FLEX employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

20.   FLEX is a nurse and health caregiver staffing agency that staffs at hospitals and healthcare providers throughout Georgia and across state lines.

21.   FLEX recruits nursing and caregiver candidates and hospital healthcare provider clients across state lines using internet and print advertising.

22.   FLEX manages the integration of its own pool of nurses and caregivers with the client hospitals' and healthcare providers' internal, contract and *per diem* nursing pools.

23.   FLEX's employees handle and use materials that have traveled through interstate commerce, such as cleaning supplies, computers, telephones, fax machines, linens, sheets, paper products, and food and beverage products while performing their job duties.

- 4 -

24.    FLEX's gross annual sales and business done for each of the three years preceding the filing of this complaint exceeds $500,000.

## DEFENDANTS EMPLOYED PLAINTIFFS

25.    FLEX employed Plaintiffs within the meaning of the FLSA.

26.    FLEX provided Plaintiffs with offer letters of employment stating they would be paid with a salary.

27.    FLEX had the authority to terminate Plaintiffs' employment.

28.    FLEX determined the employment policies applicable to Plaintiffs.

29.    FLEX created and issued an employee handbook to Plaintiffs which specified FLEX's employment practices and policies.

30.    FLEX had the authority to modify the employment policies applicable to Plaintiffs.

31.    FLEX determined how much, and in what manner, Plaintiffs would be compensated.

32.    FLEX maintained employment records, such as time and pay records, for Plaintiffs.

33.    Surratt also employed Plaintiffs.

34.    Surratt had the authority to hire and fire Plaintiffs.

35.    Surratt established the employment policies applicable to Plaintiffs.

36.    Surratt had the authority to modify the employment practices applicable to Plaintiffs.

37.    Surratt had the authority to determine how much, and in what manner, Plaintiffs would be compensated.

38.    Jenkins also employed Plaintiffs.

39.    Jenkins had the authority to hire and fire Plaintiffs.

40.    Jenkins established the employment policies applicable to Plaintiffs.

41.    Jenkins had the authority to modify the employment practices applicable to Plaintiffs.

42.    Jenkins had the authority to determine how much, and in what manner, Plaintiffs would be compensated.

## DEFENDANTS' COMPANY-WIDE PAY PRACTICES

43.    Plaintiffs worked in clerical and compliance related positions for Defendants at one or more of Defendants' locations in Macon, Georgia and Atlanta, Georgia.

44.    For example, Named Plaintiff McDonald worked for Defendants as a Professional Services Coordinator, Compliance Coordinator, and Compliance Specialist.  In each of these roles, Named Plaintiff McDonald was responsible for checking the status of the credentials of nursing providers and uploading them into

computer systems, requesting system access and badges for nurses and caregivers at the respective hospitals and healthcare facilities where they were staffed, and putting together orientation folders for nurses and caregivers.

45.    Named Plaintiff McDonald was required to follow detailed checklists, instructions and procedures governing the performance of her job duties that were created and distributed by Defendants.

46.    Named Plaintiff McDonald was paid an annual salary and was improperly classified as an exempt employee for the purposes of the FLSA by Defendants.

47.    Named Plaintiff McDonald did not perform duties that are exempt from the overtime compensation requirements under the FLSA during her employment with Defendants.

48.    Named Plaintiff McDonald regularly worked in excess of 65 hours per workweek in the employ of Defendants without proper overtime compensation as required by the FLSA.

49.    Similarly, opt-in Plaintiff Jessica Wellborn has worked for Defendants as a Compliance Specialist, Account Manager, Compliance Manager, and Director of Compliance. In each of these roles, opt-in Plaintiff Wellborn was responsible for checking the status of the credentials of nursing providers and uploading them into

computer systems and requesting system access and badges for nurses and caregivers at the respective hospitals and healthcare facilities where they were staffed.

50.    Opt-in Plaintiff Wellborn was required to follow detailed checklists, instructions and procedures governing the performance of her job duties that were created and distributed by Defendants.

51.    Opt-in Plaintiff Wellborn was paid an annual salary and was improperly classified as an exempt employee for the purposes of the FLSA by Defendants.

52.    Opt-in Plaintiff Wellborn did not perform duties that are exempt from the overtime compensation requirements under the FLSA during her employment with Defendants.

53.    Opt-in Plaintiff Wellborn regularly worked in excess of 65 hours per workweek in the employ of Defendants without proper overtime compensation as required by the FLSA.

54.    Opt-in Plaintiff Keyon West worked for Defendants as a Staffing Coordinator, Compliance Specialist, and Account Manager. In each of these roles, opt-in Plaintiff West was responsible for checking the status of the credentials of nursing providers and uploading them into computer systems and requesting system access and badges for nurses and caregivers at the respective hospitals and healthcare

facilities where they were staffed.

55.    Opt-in Plaintiff West was required to follow detailed checklists, instructions and procedures governing the performance of her job duties that were created and distributed by Defendants.

56.    Opt-in Plaintiff West was paid an annual salary and was improperly classified as an exempt employee for the purposes of the FLSA by Defendants.

57.    Opt-in Plaintiff West did not perform duties that are exempt from the overtime compensation requirements under the FLSA during her employment with Defendants.

58.    Opt-in Plaintiff West regularly worked in excess of 65 hours per workweek in the employ of Defendants without proper overtime compensation as required by the FLSA.

59.    Defendants implement and maintain a company-wide policy by which they misclassify Plaintiffs as exempt from the overtime requirement of the FLSA.

60.    Defendants' unlawful compensation policies apply to all compliance and administration office employees classified as exempt at all of Defendants' locations.

61.    Defendants tell Plaintiffs, typically through offer letters, that Plaintiffs will receive a "salary."

62.    Surratt enforces Defendants' unlawful compensation policies at all of Defendants' locations.

63.    Jenkins enforces Defendants' unlawful compensation policies at all of Defendants' locations.

64.    Plaintiffs are entitled to 1.5 times their regular hourly rate for all hours worked over 40 per week.

65.    Plaintiffs work more than 40 hours per week in most weeks.

66.    Defendants know Plaintiffs work more than 40 hours per week in most workweeks.

67.    Defendants knowingly and intentionally failed to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek in violation of the FLSA.

### COUNT I: WILLFUL FAILURE TO PAY OVERTIME WAGES

68.    Plaintiffs frequently worked and continue to work more than 40 hours per workweek.

69.    Defendants knew and know Plaintiffs frequently worked and continue to work more than 40 hours per workweek.

70.    Defendants failed to pay Plaintiffs 1.5 times their regular hourly rates for all hours worked over 40 per workweek in violation of the FLSA.

71.     Defendants intentionally failed to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

72.     Because Defendants willfully violated the FLSA by failing to pay Plaintiffs overtime wages, Defendants owe Plaintiffs all unpaid wages, an amount equal to their unpaid wages in liquidated damages, and their attorneys' fees and costs of litigation incurred in this matter.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that the Court:

I.      Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II.     Declare that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III.    Declare that Defendants' violations of the rights of Named Plaintiff and others similarly situated under the FLSA were willful;

IV.     Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V.      Award Named Plaintiff and others similarly situated liquidated

damages in an amount equal to their unpaid wages;

VI.    Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

VII.   Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of herself and others similarly situated, requests a trial by jury under Fed. R. Civ. P. 38.

Dated:        March 12, 2020.

/s/ M. Travis Foust
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, 26th Floor
Atlanta, Georgia 30309
Phone: (404) 873-800
Fax:    (404) 873-8000

***Counsel for Plaintiffs***